UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MILK STREET CAFE, INC.,                          :

                     Plaintiff,                 :     Civil Action
                                               No. 16-11416-DJC

          v.                                  :

CPK MEDIA, LLC, d/b/a                           :     **JURY TRIAL DEMANDED**
MILK STREET KITCHEN,
                                 :

               Defendant.                 :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CPK MEDIA, LLC,                                  :

               Counterclaim-Plaintiff,     :

          v.                                  :

MILK STREET CAFE, INC.,                          :

               Counterclaim-Defendant.  :

                                 :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANT CPK MEDIA, LLC'S
## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

      Defendant CPK Media, LLC ("CPK Media"), by and through its undersigned

attorneys, hereby answers the Complaint of Milk Street Cafe, Inc. ("MSC"), upon knowledge as

to itself and its own acts, and otherwise upon information and belief as to all other matters as

follows:

      CPK Media denies the allegations in the first sentence of the first unnumbered

paragraph of the Complaint.  CPK Media denies knowledge or information sufficient to form a

belief as to the truth of the allegations in the second sentence of the first unnumbered paragraph

of the Complaint.  CPK Media denies the allegations in the third sentence of the first unnumbered paragraph of the Complaint, except admits only that Christopher Kimball and CPK Media have announced that CPK Media plans to open Milk Street Kitchen on Milk Street in Boston, Massachusetts.  CPK Media admits the allegation in footnote 1 of the Complaint.  CPK Media admits the allegations in the fourth sentence of the first unnumbered paragraph of the Complaint.  CPK Media denies the allegations in the fifth sentence of the first unnumbered paragraph of the Complaint.  CPK Media denies the allegations in the sixth and seventh sentences of the first unnumbered paragraph of the Complaint.

CPK Media denies the allegations in the first, second and third sentences of the second unnumbered paragraph of the Complaint.  CPK Media denies the allegations in the fourth sentence of the second unnumbered paragraph of the Complaint, except admits only that CPK Media is asserting a counterclaim against MSC seeking a declaratory judgment challenging Registration No. 4,021,933 and that CPK Media has filed its own federal trademark applications for several marks, including the mark "Milk Street Kitchen."  CPK Media denies the allegations in the fifth sentence of the second unnumbered paragraph of the Complaint.

The heading immediately preceding paragraph 1 of the Complaint contains no factual allegations and thus no answer to it is required.  To the extent that the heading immediately preceding paragraph 1 of the Complaint may be deemed to contain factual allegations, they are denied.

1.    CPK Media denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, except admits only that MSC is a corporation organized under the laws of the Commonwealth of Massachusetts with its principal place of business at 50 Milk Street, Boston, Massachusetts.

2.      CPK Media denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3.      CPK Media denies the allegations in the first sentence of paragraph 3 of the Complaint, except admits only that a trademark registration was issued to Milk Street Cafe and refers to Registration No. 4,021,933 for a complete and accurate statement of its contents. CPK Media denies the allegations in the second sentence of paragraph 3 of the Complaint and refers to the document attached as Exhibit A to the Complaint for a complete and accurate statement of its contents.

4.      CPK Media denies the allegations in the first sentence of paragraph 4 of the Complaint, except admits only that CPK Media is a Delaware limited liability company with a principal place of business at 23 Buckingham Street, Cambridge, Massachusetts and has leased space at 177 Milk Street, Boston, Massachusetts.  CPK Media admits the allegations in the second sentence of paragraph 4 of the Complaint.

5.      CPK Media denies the allegations in the first sentence of paragraph 5 of the Complaint, except admits only that Christopher P. Kimball has hosted America's Test Kitchen, Cooks Country at certain times, and is one of the founders of CPK Media, LLC.  CPK Media admits the allegations in the second sentence of paragraph 5 of the Complaint.  CPK Media denies the allegations in the third sentence of paragraph 5 of the Complaint because it is Plaintiff's definitional convention,  contains no factual allegations and thus no answer to it is required.  To the extent that the third sentence of paragraph 5 of the Complaint may be deemed to contain factual allegations, they are denied.

The heading immediately preceding paragraph 6 of the Complaint contains no factual allegations and thus no answer to it is required.  To the extent that the heading

immediately preceding paragraph 6 of the Complaint may be deemed to contain factual allegations, they are denied.

6.       The allegations in paragraph 6 of the Complaint constitute legal conclusions to which no answer is required.  To the extent that paragraph 6 of the Complaint may be deemed to contain factual allegations, they are denied.

The heading immediately preceding paragraph 7 of the Complaint contains no factual allegations and thus no answer to it is required.  To the extent that the heading immediately preceding paragraph 7 of the Complaint may be deemed to contain factual allegations, they are denied.

7.       The allegations in paragraph 7 of the Complaint constitute legal conclusions to which no answer is required.  To the extent that paragraph 7 of the Complaint may be deemed to contain factual allegations, they are denied.

8.       The allegations in paragraph 8 of the Complaint constitute legal conclusions to which no answer is required.  To the extent that paragraph 8 of the Complaint may be deemed to contain factual allegations, they are denied.

9.       The allegations in paragraph 9 of the Complaint constitute legal conclusions to which no answer is required.  To the extent that paragraph 9 of the Complaint may be deemed to contain factual allegations, they are denied.

The headings immediately preceding paragraph 10 of the Complaint contain no factual allegations and thus no answer to them is required.  To the extent that the headings immediately preceding paragraph 10 of the Complaint may be deemed to contain factual allegations, they are denied.

10.     CPK Media denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11.     CPK Media denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12.     CPK Media denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13.     CPK Media denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 13 of the Complaint, except admits only that during a portion of 2011, Milk Street Cafe operated a location on Wall Street in New York City.  CPK Media denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 13 of the Complaint and refers to the CNBC video for a complete and accurate statement of its contents.

14.     CPK Media denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15.     CPK Media denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16.     CPK Media denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, except admits only that Plaintiff has filed in this action copies of certain media publications referencing Milk Street Cafe.

17.     CPK Media denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18.     CPK Media denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19.     CPK Media denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20.     CPK Media denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21.     CPK Media denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 21 of the Complaint, except admits only that Milk Street Cafe is the registrant for the milkstreetcafe.com domain name.  CPK Media denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 21 of the Complaint.

22.     CPK Media denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23.     CPK Media denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

The heading immediately preceding paragraph 24 of the Complaint contains no factual allegations and thus no answer to it is required.  To the extent that the heading immediately preceding paragraph 24 of the Complaint may be deemed to contain factual allegations, they are denied.

24.     CPK Media denies the allegations in the first sentence of paragraph 24 of the Complaint, except admits only that Christopher Kimball previously has founded and worked in various roles at Cook's Magazine, Cook's Illustrated and America's Test Kitchen, and has appeared on television, radio broadcasts, and in print and digital media.  CPK Media denies the allegations in the second sentence of paragraph 24 of the Complaint, except admits only that Mr. Kimball was the founder of Cook's Magazine, Cook's Illustrated, Cook's Country magazine, has

authored several publications, and at certain times was the host of, or worked in other capacities in connection with, certain television and radio programs.  CPK Media denies the allegations in the third sentence of paragraph 24 of the Complaint to the extent that the alleged statement by the New York Times is claimed to be a material fact and refers to the unspecified New York Times source for a complete and accurate statement of its contents.

25.     CPK Media admits the allegations in paragraph 25 of the Complaint.

26.     CPK Media denies the allegations in paragraph 26 of the Complaint as materially incomplete and refers to the document attached as Exhibit B for a complete and accurate statement of its contents.

27.     CPK Media denies the allegations in paragraph 27 of the Complaint, except admits only that CPK Media's business will be located at the opposite end of Milk Street from Plaintiff's business.

28.     CPK Media denies the allegations in paragraph 28 of the Complaint as materially incomplete and refers to www.milkstreetkitchen.com for a complete and accurate statement of its contents.

29.     CPK Media denies the allegations in paragraph 29 of the Complaint, except admits only that CPK Media owns Facebook and Twitter accounts and at certain times those accounts were identified on Twitter as "Milk Street" and on Facebook as "Milk Street Kitchen."

30.     CPK Media denies the allegations in paragraph 30 of the Complaint as materially incomplete and refers to the referenced www.milkstreetkitchen.com website, Twitter account and Facebook page for a complete and accurate statement of their contents.

31.     CPK Media denies the allegations in paragraph 31 of the Complaint as materially incomplete and refers to the unspecified "press releases and social media pages" for a complete and accurate statement of their contents.  Answering further, CPK Media states that at certain times the two logos included in paragraph 31 of the Complaint have been used in certain applications.

32.     CPK Media denies the allegations in the first sentence of paragraph 32 of the Complaint as materially incomplete and refers to the referenced Twitter and Facebook accounts for a complete and accurate statement of their contents.  CPK Media denies the allegations in the second sentence of paragraph 32 of the Complaint, except admits only that the image file included in paragraph 32 appears to be a screenshot of a portion of a June 29, 2016 Twitter post.

33.     CPK Media denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.

34.     CPK Media denies the allegations in paragraph 34 of the Complaint, except admits only that Christopher Kimball has promoted Milk Street Kitchen.

35.     CPK Media denies the allegations in paragraph 35 of the Complaint.

36.     CPK Media denies the allegations in the first sentence of paragraph 36 of the Complaint.  CPK Media denies the allegations in the second sentence of paragraph 36 of the Complaint, except admits only that CPK Media's business will be located at the opposite end of Milk Street from Plaintiff's business.  CPK Media denies the allegations in the third sentence of paragraph 36 of the Complaint, except admits only that the phrases "Milk Street Cafe" and "Milk Street Kitchen" both begin with the phrase "Milk Street."  CPK Media denies the allegations in the fourth sentence of paragraph 36 of the Complaint.

37.     CPK Media denies the allegations in paragraph 37 of the Complaint.

38.     CPK Media denies the allegations in paragraph 38 of the Complaint.

The heading immediately preceding paragraph 39 of the Complaint contains no factual allegations and thus no answer to it is required.  To the extent that the heading immediately preceding paragraph 39 of the Complaint may be deemed to contain factual allegations, they are denied.

39.     CPK Media denies the allegations in paragraph 39 of the Complaint, except admits only that Plaintiff's attorneys sent Christopher Kimball a letter dated June 3, 2016 and refers to the June 3, 2016 Letter for a complete and accurate statement of its contents.

40.     CPK Media denies the allegations in paragraph 40 of the Complaint, except admits only that Mr. Epstein sent Christopher Kimball a letter dated June 8, 2016 and refers to the document attached as Exhibit C to the Complaint for a complete and accurate statement of its contents.

41.     CPK Media admits the allegations in the first sentence of paragraph 41 of the Complaint.  CPK Media denies the allegations in the second and third sentences of paragraph 41 of the Complaint, except admits only that Mr. Epstein demanded that CPK Media change its name by June 14, 2016.

42.     CPK Media denies the allegations in paragraph 42 of the Complaint, except admits only that on June 14, 2016 CPK Media's attorneys at Skadden sent Plaintiff's attorneys a response letter and refers to the June 14, 2016 letter for a complete and accurate statement of its contents.

43.     CPK Media denies the allegations in paragraph 43 of the Complaint, except admits only that on June 29, 2016, Mr. Epstein sent Mr. Kimball a letter and refers to the

document attached as Exhibit D to the Complaint for a complete and accurate statement of its contents.

The heading immediately preceding paragraph 44 of the Complaint contains no factual allegations and thus no answer to it is required.  To the extent that the heading immediately preceding paragraph 44 of the Complaint may be deemed to contain factual allegations, they are denied.

44.     CPK Media repeats and realleges its answers to paragraphs 1-43 of the Complaint as if fully set forth herein.

45.     CPK Media denies the allegations in paragraph 45 of the Complaint, except admits only that MSC was issued a Trademark Registration No. 4,021,933 and refers to Registration No. 4,021,933 for a complete and accurate statement of its contents.

46.     CPK Media denies the allegations in paragraph 46 of the Complaint.

47.     CPK Media denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint.

48.     CPK Media denies the allegations in paragraph 48 of the Complaint.

49.     CPK Media denies the allegations in paragraph 49 of the Complaint.

50.     CPK Media denies the allegations in paragraph 50 of the Complaint.

51.     CPK Media denies the allegations in paragraph 51 of the Complaint.

52.     CPK Media denies the allegations in paragraph 52 of the Complaint.

53.     CPK Media denies the allegations in paragraph 53 of the Complaint.

54.     CPK Media denies the allegations in paragraph 54 of the Complaint.

55.     CPK Media denies the allegations in paragraph 55 of the Complaint.

56.     CPK Media denies the allegations in paragraph 56 of the Complaint.

The heading immediately preceding paragraph 57 of the Complaint contains no factual allegations and thus no answer to it is required.  To the extent that the heading immediately preceding paragraph 57 of the Complaint may be deemed to contain factual allegations, they are denied.

57.     CPK Media repeats and realleges its answers to paragraphs 1-56 of the Complaint as if fully set forth herein.

58.     CPK Media denies the allegations in paragraph 58 of the Complaint.

59.     CPK Media denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint.

60.     CPK Media denies the allegations in paragraph 60 of the Complaint.

61.     CPK Media denies the allegations in paragraph 61 of the Complaint.

62.     CPK Media denies the allegations in paragraph 62 of the Complaint, except admits only that MSC was issued a Trademark Registration No. 4,021,933 and refers to the Registration No. 4,021,933 for a complete and accurate statement of its contents.

63.     CPK Media denies the allegations in paragraph 63 of the Complaint.

64.     CPK Media denies the allegations in paragraph 64 of the Complaint.

65.     CPK Media denies the allegations in paragraph 65 of the Complaint.

66.     CPK Media denies the allegations in paragraph 66 of the Complaint.

67.     CPK Media denies the allegations in paragraph 67 of the Complaint.

68.     CPK Media denies the allegations in paragraph 68 of the Complaint.

69.     CPK Media denies the allegations in paragraph 69 of the Complaint.

70.     CPK Media denies the allegations in paragraph 70 of the Complaint.

The heading immediately preceding paragraph 71 of the Complaint contains no factual allegations and thus no answer to it is required.  To the extent that the heading immediately preceding paragraph 71 of the Complaint may be deemed to contain factual allegations, they are denied.

71.     CPK Media repeats and realleges its answers to paragraphs 1-70 of the Complaint as if fully set forth herein.

72.     CPK Media denies the allegations in paragraph 72 of the Complaint.

73.     CPK Media denies the allegations in paragraph 73 of the Complaint.

74.     CPK Media denies the allegations in paragraph 74 of the Complaint, except admits only that CPK Media conducts business within the Commonwealth of Massachusetts.

75.     CPK Media denies the allegations in paragraph 75 of the Complaint.

The heading and WHEREFORE paragraph immediately after paragraph 75 of the Complaint contain no factual allegations and thus no answer to them is required.  To the extent that the heading and WHEREFORE paragraph immediately after paragraph 75 of the Complaint may be deemed to contain factual allegations, they are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Each claim in the Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, because CPK Media has not infringed any applicable trademark under federal or state law, willfully or otherwise.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, because Trademark Registration No. 4,021,933 is improperly registered before the U.S. Patent and Trademark Office.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, because the alleged mark of Trademark Registration No. 4,021,933 is geographically descriptive and was geographically descriptive at the time the Registration was issued.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, because the alleged mark of Trademark Registration No. 4,021,933 lacks secondary meaning and lacked secondary meaning at the time the Registration was issued.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, because there is no likelihood of confusion.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, because there has been no false designation of origin.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, because the Plaintiff is committing trademark misuse by exploiting the asserted trademark in excess of the rights granted under trademark law for anticompetitive effect.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, acquiescence, and estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, because the Plaintiff has suffered no damages or otherwise been harmed by any conduct of CPK Media.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, because the Plaintiff has failed to satisfy and meet the applicable requirements to M.G.L. c. 93A.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, because the Plaintiff failed to mitigate its damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, because CPK Media has at all relevant times engaged in all relevant activities in good faith.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief, preliminary or permanent, because any alleged injury to Plaintiff is not immediate or irreparable, Plaintiff has an adequate remedy at law, the balance of hardships does not warrant a remedy in equity, and the public interest would be disserved by an injunction.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiff is not statutorily or otherwise entitled to an award of costs, expenses, attorneys' fees, or enhanced, punitive or treble damages.

## ADDITIONAL DEFENSES

CPK Media hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this case and hereby reserves its rights to amend this answer and assert such defenses.

## COUNTERCLAIM

Defendant/Counterclaim-Plaintiff CPK Media, LLC ("CPK Media") brings this Counterclaim against Plaintiff/Counterclaim-Defendant Milk Street Cafe, Inc. ("MSC") and alleges as follows:

## PARTIES

1.      Counterclaim-Plaintiff CPK Media, LLC is a Delaware limited liability company with its principal place of business at 23 Buckingham Street, Cambridge, Massachusetts.  CPK Media has entered into a lease for space at 177 Milk Street, Boston, Massachusetts.

2.      Counterclaim-Defendant Milk Street Cafe, Inc. is a corporation organized under the laws of the Commonwealth of Massachusetts with its principal place of business at 50 Milk Street, Boston, Massachusetts.

## JURISDICTION AND VENUE

3.      This action arises under the Lanham Act, 15 U.S.C. §§ 1064 and 1119. This Court has jurisdiction pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1331.

4.      This Court has personal jurisdiction over MSC pursuant to M.G.L. c. 223A, §§ 2 and 3 because it is a corporation organized under the laws of the Commonwealth of Massachusetts, has its principal place of business in the Commonwealth of Massachusetts, transacts business in the Commonwealth of Massachusetts, and has an interest in, uses or possesses real property in the Commonwealth of Massachusetts.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

**FIRST COUNTERCLAIM**
**(Declaratory Judgment for Cancellation of**
**U.S. Reg. No. 4,021,933 for Improper Registration)**

6.      CPK Media hereby repeats and re-alleges the allegations set forth in the

preceding paragraphs as if set forth fully herein.

7.      An actual controversy has arisen and now exists between Counterclaim-

Plaintiff CPK Media and Counterclaim-Defendant MSC in that MSC has alleged in its

Complaint that Registration No. 4,021,933 (the "933 Registration") has been infringed by CPK

Media.

8.      The 933 Registration covers only the following goods and services:

"Restaurant and catering services."

9.      The 933 Registration was improperly issued in that at the time the

Registration was issued the alleged trademark had not achieved secondary meaning and was

geographically descriptive.

10.      Accordingly, Trademark Registration No. 4,021,933 should be canceled

pursuant to 15. U.S.C. §§ 1064 and 1119.

**JURY DEMAND**

CPK Media hereby requests a jury on all claims triable by jury.

WHEREFORE, CPK Media respectfully requests that this Court:

(i)      Enter judgment in favor of CPK Media on all of Plaintiff's claims
         and dismiss the complaint with prejudice;

(ii)     Enter judgment in favor of CPK Media and against MSC on Count
         I of CPK Media's Counterclaim and exercise its power under 15
         U.S.C. § 1119 to order the Commissioner of Patents and
         Trademarks to cancel U.S. Trademark Registration No. 4,021,933
         and any related registrations owned by MSC;

(iii)    Award CPK Media its attorneys' fees, costs and expenses; and

(iv)     Award such other and further relief as the Court deems just and
         proper.

Dated:     September 1, 2016                    Respectfully submitted,
           Boston, Massachusetts

                                                /s/ James R. Carroll
                                                James R. Carroll (BBO #554426)
                                                Christopher G. Clark (BBO #663455)
                                                SKADDEN, ARPS, SLATE,
                                                    MEAGHER & FLOM LLP

---

**CERTIFICATE OF SERVICE**

I, James R. Carroll, hereby certify that this
document filed through the CM/ECF system will be sent
electronically to the registered participants as identified
on the Notice of Electronic Filing and paper copies will
be sent to those indicated as non-registered participants
on September 1, 2016.

Dated: September 1, 2016          /s/ James R. Carroll
                                  James R. Carroll

---

                                                500 Boylston Street, 23rd Floor
                                                Boston, Massachusetts 02116
                                                (617) 573-4800
                                                james.carroll@skadden.com
                                                christopher.clark@skadden.com

                                                Counsel for Defendant/Counterclaim-Plaintiff
                                                CPK Media, LLC