UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MILK STREET CAFE, INC.,                    :
                Plaintiff,                 :   Civil Action
                                               No. 16-11416-DJC
        v.                                 :

CPK MEDIA, LLC, d/b/a                      :
MILK STREET KITCHEN,
                                           :
                Defendant.
                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CPK MEDIA, LLC,                            :

                Counterclaim-Plaintiff,    :

        v.                                 :

MILK STREET CAFE, INC.,                    :

                Counterclaim-Defendant.    :

                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM, AND JURY DEMAND

Plaintiff /Defendant-in-Counterclaim Milk Street Cafe, Inc. ("MSC") answers the separately numbered allegations of the counterclaim as follows.

### THE PARTIES

1. MSC admits the first sentence of paragraph 1 of the counterclaim. MSC lacks the information necessary to admit or deny the allegations of the second sentence of paragraph 1 of the counterclaim, and calls upon the Defendant to prove the same if material.

2. Admitted.

1

### JURISDICTION AND VENUE

3.  MSC admits that this Court has subject matter jurisdiction over the claims in this action.

4.  Admitted.

5.  Admitted.

### FIRST COUNTERCLAIM
### (Declaratory Judgment for Cancellation of U.S. Registration No. 4,021,933)

6.  MSC repeats and realleges its responses to paragraphs 1 through 5 of the counterclaim.

7.  MSC admits that an actual controversy has arisen and now exists between the parties based on CPK Media's infringement of MSC's trademark rights.  MSC denies that there has arisen or exists an actual controversy as to the validity of U.S. Trademark Registration No. 4,021,933.

8.  In response to paragraph 8 of the counterclaim, MSC states that the subject trademark registration speaks for itself.

9.  Denied.

10. Denied.

### FIRST AFFIRMATIVE DEFENSE

The counterclaim fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The counterclaim is barred because of the presumption of validity of Plaintiff's registered trademark.

### THIRD AFFIRMATIVE DEFENSE

The counterclaim is barred because of CPK's conduct inconsistent with the counterclaim.

### FOURTH AFFIRMATIVE DEFENSE

The counterclaim is barred because of waiver and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

The counterclaim is barred by acquiescence.

### SIXTH AFFIRMATIVE DEFENSE

The counterclaim is barred by laches.

### SEVENTH AFFIRMATIVE DEFENSE

The counterclaim is barred due to CPK's unclean hands.

WHEREFORE, Milk Street Cafe, Inc. respectfully requests that this Court, after hearing:

A. Order that the counterclaim be dismissed with prejudice;

B. Order CPK to pay the Plaintiff the costs of defending against the counterclaim, including reasonable attorneys' fees; and

C. Order such further relief as the Court deems just and appropriate.

### JURY DEMAND

Milk Street Cafe, Inc. hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
Milk Street Cafe, Inc.
By its attorney,

/s/ Thomas E. Kenney
Thomas E. Kenney (BBO #561590)
tom@piercemandell.com
PIERCE & MANDELL, P.C.
11 Beacon Street, Suite 800
Boston, MA 02108
P: (617) 720-2444

## CERTIFICATE OF SERVICE

    I, Thomas E. Kenney, hereby certify that on September 22, 2016, the **NOTICE OF APPEARANCE**, filed through the ECF system, was sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

                                        /s/ Thomas E. Kenney
                                        Thomas E. Kenney