UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MILK STREET CAFE, INC., :

        Plaintiff, : Civil Action
                              No. 16-11416-DJC
    v. :

CPK MEDIA, LLC, d/b/a :
MILK STREET KITCHEN,
                                  :
        Defendant.
                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CPK MEDIA, LLC, :

        Counterclaim-Plaintiff, :

    v. :

MILK STREET CAFE, INC., :

        Counterclaim-Defendant. :

                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MILK STREET CAFE, INC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
<u>MOTION TO STRIKE AND EXCLUDE DOCUMENTS AND INFORMATION</u>**

INTRODUCTION

There has been no gamesmanship. Defendant CPK Media, LLC's ("CPK") righteous indignation is completely misplaced. The parties have worked cooperatively to complete discovery and trial preparation, and plaintiff Milk Street Cafe, Inc. ("MSC") and its counsel have laboriously produced thousands of pages of documents to CPK. Because of the nature of this dispute MSC receives relevant documents on an ongoing basis – in particular emails and messages sent through its website meant for CPK. MSC and its counsel have endeavored to produce this information in as timely a manner as possible. In fact, the vast majority of the documents of which CPK complains where received by MSC after the fact discovery period closed, with a number of them received by MSC only days before they were produced to CPK. In short, CPK's complaints are neither genuine nor legitimate, and as a result its motion to strike and exclude should be denied.

ARGUMENT

I. The Vast Majority of the Documents At Issue Were Received by MSC After Fact Discovery Closed

Of the 13 documents of which CPK complains, one was received by MSC 29 days before fact discovery closed (Exhibit A), one was received the day before fact discovery closed (Exhibit B)[1], and the remaining 11 were received by MSC *after* fact discovery closed. In fact, one of the documents (Exhibit J) was received by MSC in May, and three of the documents (Exhibits J. K and L) were received by MSC in June, just days before they were produced. Thus, for at least 11 of the 13 documents, it was *impossible* for MSC to produce them prior to the close of fact discovery and, thus, it was *impossible* for CPK (or MSC) to conduct any fact discovery concerning these documents.

---

[1] MSC's counsel mistakenly believed that these two documents had previously been produced to CPK.

1

But that does not render the documents inadmissible. Because of the nature of this dispute, MSC has received documents it deems relevant after the fact discovery cutoff, and may well continue to do so. The close of fact discovery should not prevent the parties from being able to present at trial relevant evidence only discovered after the deadline has passed.

CPK's claim of prejudice falls flat. First of all, as set forth above, 11 of the 13 documents at issue were received by MSC *after* the close of fact discovery. Thus, it is not MSC's fault that no discovery could be undertaken once the documents were received. Further, CPK overstates its purported lost discovery opportunity. Prior to the production at issue in this motion, MSC produced more than two (2) dozen emails and other documents reflecting confusion and/or misdirected communications. CPK took a total of two (2) third-party depositions. There is no basis to conclude that CPK would have conducted any discovery concerning these emails, even if it were somehow permitted to do so. Thus, CPK has suffered no undue prejudice and its motion should be denied.

CPK's complaint that the documents were not produced before the expert discovery deadline is nonsensical. MSC's expert witnesses did not rely on any of the documents that are the subject of this motion. Thus, there would have been no basis to conduct any expert discovery concerning these documents and, as a result, no basis to exclude these documents from trial.

II.     This Court Should Not Preclude MSC From Calling Third-Party Witnesses

CPK seeks to preclude MSC from calling six (6) witnesses on the basis that they were not identified until June 16, 2017. However, for the sake of efficiency at trial MSC has voluntarily removed four (4) such witnesses from its Final Witness List filed today. As for the other two, MSC should be permitted to call those witnesses at trial for the reasons set forth in MSC's objection to CPK's motion *in limine* to exclude witnesses. In short, those witnesses are

identified solely for purposes of authenticating certain exhibits at trial and providing background information, if necessary.  CPK will not be prejudiced by having these witnesses testify for those limited purposes.

## CONCLUSION

For the reasons set forth above, plaintiff Milk Street Cafe, Inc. respectfully requests that this Court deny defendant CPK Media, LLC's motion to strike and exclude documents and information.

Dated:   July 6, 2017
         Boston, Massachusetts

Respectfully submitted,

MILK STREET CAFE, INC.,
By its attorneys,

/s/ Thomas E. Kenney_____
Thomas E. Kenney  (BBO #561590)
Pierce & Mandell, P.C.
11 Beacon Street, Suite 800
Boston, MA 02108
617-720-2444
617-720-3693 (fax)
tom@piercemandell.com
www.piercemandell.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) dated July 6, 2017.


Dated: July 6, 2017      /s/ Thomas E. Kenney_____
               Thomas E. Kenney